# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS DUMBACHER and PERRI DUMBACHER,**

        **Plaintiffs,**

**v.**                                     **Case No:   6:14-cv-798-Orl-31DAB**

**LANDMARK AMERICAN INSURANCE COMPANY,**

        **Defendant.**

## ORDER AND DECLARATORY JUDGMENT

This matter comes before the Court without a hearing on the Motion for Summary

Judgment (Doc. 18) filed by the Defendant, Landmark American Insurance Company

("Landmark"), the response in opposition (Doc. 23) filed by the Plaintiffs, Thomas and Perri

Dumbacher (the "Dumbachers"), and the reply (Doc. 25) filed by Landmark.

### I.     Background

The following facts are undisputed, at least for purposes of the instant declaratory

judgment action.   The Dumbachers are assignees of the rights of non-party Dwyer Industries, Inc.

(henceforth, "Dwyer") against Landmark.   Dwyer negligently installed insulating foam in the

Dumbachers' home.   The foam released toxic fumes, causing the Dumbachers to suffer adverse

health effects and rendering their home uninhabitable.   At all relevant times, Landmark insured

Dwyer under a Commercial General Liability Policy (Doc. 2-1) (henceforth, the "Policy").

The Dumbachers sued Dwyer, along with a general contractor, in state court.   That case,

which was filed in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County,

Florida, was titled *Thomas Dumbacher and Perri Dumbacher v. Florida Castle Builders, Inc. and*

*Dwyer Industries, Inc.*, Case No. 12-CA-1823 (henceforth, the "Underlying Action").   In

response, Dwyer submitted a claim to Landmark, seeking coverage under the Policy.   Landmark

denied coverage on the grounds that the alleged damages did not constitute "property damage" as

defined in the Policy, and that coverage was barred by the following Policy provisions: the Total

Pollution Exclusion, the Overspray or Spillage Exclusion, and the Impaired Property Exclusion.

Subsequently, the Dumbachers obtained a judgment against Dwyer in the Underlying Action in

the amount of $514,070.19.   Dwyer assigned its rights under the Policy to the Dumbachers.   On

April 18, 2014, the Dumbachers filed the instant action, seeking a declaratory judgment that

Landmark is obligated under the Policy to pay the $514,070.19 judgment obtained in the

underlying action.

## II.     Legal Standards

It is undisputed that the instant insurance contract is governed by Florida law.   Under

Florida law, courts must construe insurance contracts according to their plain meaning.   *Garcia v.*

*Fed. Ins. Co.*, 969 So.2d 288, 291–92 (Fla.2007).   The plain and unambiguous meanings are

interpreted "as understood by the 'man-on-the-street.'"   *State Farm Fire and Cas. Co. v. Castillo*,

829 So.2d 242, 245 (Fla. 3d DCA 2002)).   Ambiguous policy provisions are interpreted liberally

in favor of the insured and strictly against the drafter who prepared the policy.   *Auto-Owners Ins.*

*Co. v. Anderson*, 756 So.2d 29, 34 (Fla. 2000).   An ambiguity arises when more than one

interpretation can fairly be given to a policy provision.   *State Farm Fire & Cas. Co. v. Metro.*

*Dade Cnty.*, 639 So.2d 63, 65 (Fla. 3d DCA 1994).   But a provision is not ambiguous simply

because it requires analysis or because it is complex.   *Swire Pac. Holdings, Inc. v. Zurich Ins.*

*Co.*, 845 So.2d 161, 165 (Fla. 2003).

### III.    Analysis

The Policy provided three forms of coverage:    coverage for bodily injury and property

damage liability, which coverage the Policy referred to as "Coverage A"; coverage for personal

and advertising injury liability, which the Policy referred to as "Coverage B"; and coverage for

medical payments, which the Policy referred to as "Coverage C".    The damages at issue in the

instant case are alleged by the Dumbachers to fall within Coverage A.    Each category of coverage

was subject to certain "Exclusions," which operated to bar coverage that would otherwise apply.

For example, the Policy's Coverage A was subject to an Exclusion for "Worker's Compensation

and Similar Laws," which barred coverage for "[a]ny obligation of the insured under a workers'

compensation, disability benefits or unemployment compensation law or any similar law."    (Doc.

2-1 at 28).

As noted above, in denying Dwyer's claim in regard to the Underlying Action, Landmark

argued that the damages alleged fell outside the Policy's definition of "property damage" and that

three Exclusions barred coverage.    Landmark raises the same arguments in its motion for

summary judgment.[1]    In their response to the motion, the Dumbachers do not dispute Landmark's

contention that two of the Exclusions – the Total Pollution Exclusion and the Impaired Property

Exclusion -- would bar coverage for the claims asserted in the Underlying Action, if they applied.[2]

Instead, the Dumbachers argue that an endorsement to the Policy – the "Classification Limitation

---

[1]   Under Florida law, the liability of an insurer depends upon whether the insured's claim is within the coverage provided by the policy, even in cases where the insurer has unjustifiably failed to defend its insured in the underlying action.   *Spencer v. Assurance Co. of America*, 39 F.3d 1146, 1149 (11th Cir. 1994).

[2]   The Dumbachers do dispute the applicability of the Overspray or Spillage Exclusion and argue that the Policy's definition of "property damage" encompasses the damages alleged in the underlying action.   (Doc. 23 at 4-6).   Because other exclusions apply to bar coverage, the Court will not address the Dumbachers' arguments as to these two points.

Endorsement" – modifies the Policy in such a way that it moots Landmark's arguments regarding

these Exclusions.

The Classification Limitation Endorsement reads as follows:

> Classification Limitation
>
> This endorsement modifies insurance provided under the following:
>
> Commercial General Liability Coverage Part
>
> The following is added as an item to Section I – Coverages,
> Coverage A Bodily Injury and Property Damage Liability, 2.
> Exclusions; and Coverage B, Personal and Advertising Injury
> Liability, 2. Exclusions:
>
> "Bodily injury", "property damage" or personal and advertising
> injury for operations which are not classified or shown on the
> Commercial General Liability Coverage Part Declarations, its
> endorsements or supplements.
>
> All other terms and conditions of this policy remain unchanged.

(Doc. 2-1 at 18).    The Dumbachers argue that this endorsement removes "property damage" from

the Exclusions for Coverage A, creating an exception to the Policy's listed Exclusions whenever

the damage results from operations that have been classified and are shown on the Commercial

General Liability Coverage Part Declarations, its endorsements or its supplements.

It is undisputed that the operations that caused the damages were properly classified and

shown on the Policy.   However, contrary to the Dumbachers' interpretation, that is not enough to

bring all damages resulting from those operations within the coverage provided by the Policy.

The Classification Limitation Endorsement does not expand the Policy's coverage.   By its plain

terms, the Classification Limitation Endorsement *restricts* the coverage otherwise provided by the

Policy, eliminating coverage for bodily injury, property damage, personal injury or advertising

injury resulting from operations that have not been properly reported to the insurer.   The

Classification Limitation Endorsement is not ambiguous, and the Dumbachers have not pointed to

anything within its language or in relevant case law that suggests it should be interpreted as abrogating every other Exclusion in the Policy once its terms are met.

Aside from this failed argument regarding the Classification Limitation Endorsement, the Dumbachers do not contest the application of the Total Pollution Exclusion or the Impaired Property Exclusion to the damages at issue in the Underlying Action.   Accordingly, the Defendant is entitled to summary judgment.

### IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 18) filed by Defendant Landmark American Insurance Company is **GRANTED**.   Declaratory judgment is hereby **ENTERED** in favor of Landmark American Insurance Company and against the Plaintiffs.   The Court

**DECLARES** that Landmark American Insurance Company had no duty to defend Dwyer Industries, Inc. in the case of *Thomas Dumbacher and Perri Dumbacher v. Florida Castle Builders, Inc. and Dwyer Industries, Inc.*, Case No. 12-CA-1823.   And the Court further

**DECLARES** that Landmark American Insurance Company has no duty to indemnify Dwyer Industries, Inc. or its assignees in regard to the final judgment obtained against Dwyer Industries, Inc. in that case.   All pending motions are **DENIED AS MOOT**.   The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 10, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE